IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
ASSIGNED ON BRIEFS OCTOBER 12, 2001

## TERRY BROUGH, ET AL. v. MURIEL GERMAINE ADCROFT

**Direct Appeal from the Circuit Court for Shelby County**
**No. 77512 T.D.; The Honorable George H. Brown, Jr., Judge**

---

**No. W2001-00786-COA-R3-CV - Filed January 17, 2002**

---

This appeal involves a trial court's grant of prejudgment interest on arbitration awards. Subsequent to an automobile accident, the plaintiffs filed suit against their uninsured motorist policy carrier and another individual involved in the accident. The case proceeded to arbitration and the plaintiffs were awarded $140,000.00, which was paid by the insurance company. Upon obtaining new counsel, the plaintiffs learned of a relationship between the arbitrator and the insurance company and motioned the court to vacate the arbitration award. The trial court granted plaintiff's motion and resubmitted the case for a second arbitration. The plaintiffs were awarded $245,000.00 at the second arbitration and, soon after, motioned the court for prejudgment interest on the award. The trial court awarded the plaintiffs $71,042.72 of prejudgment interest. The insurance company appealed the decision to grant prejudgment interest and both parties have contested the method of calculation employed by the trial court. For the following reasons, we affirm in part, vacate in part, and remand this case for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Circuit Court Affirmed in Part, Vacated in Part and Remanded**

ALAN E. HIGHERS, J., delivered the opinion of the court, in which DAVID R. FARMER, J., and HOLLY KIRBY LILLARD, J., joined.

Gary R. Wilkinson, Russell C. Rutledge, Memphis, TN, for Appellant

R. Sadler Bailey, Memphis, TN, for Appellees

**OPINION**

## Facts and Procedural History

Mary Brough (Mrs. Brough) and Terry Brough (Mr. Brough) were injured in an automobile accident on July 4, 1995 in Memphis, Tennessee. The accident occurred when the Broughs, while traveling down Kirby Road with their minor children, collided with an oncoming car driven by Muriel Adcroft (Ms. Adcroft). At the time of the accident, the Broughs held an uninsured motorist policy with State Farm Mutual Automobile Insurance Company (State Farm).

On April 6, 1996, the Broughs and their minor children filed suit against Ms. Adcroft. Process was served on State Farm as the uninsured motorist carrier pursuant to sections 56-7-1201, *et. seq.* of the Tennessee Code. Ms. Adcroft and State Farm filed answers to the complaint contesting their liability.

The Brough's case, however, never proceeded to trial. On April 28, 1998, the court issued orders approving settlements for the claims of the Broughs' minor children. Soon after, the individual claims of Mr. and Mrs. Brough were submitted to an arbitrator. All parties agreed to minimum and maximum awards deemed appropriate for the arbitration. The minimum award was set at $140,000.00, with $300,000.00 as the maximum. As a result of successful arbitration, Mr. and Mrs. Brough were awarded $140,000.00, which State Farm paid on December 16,1998. Following payment of the $140,000.000, the parties entered a consent order of dismissal with prejudice acknowledging the settlement between the parties.

Upon retaining new counsel, on June 2, 2000, Mr. and Mrs. Brough motioned the court to vacate the arbitration award pursuant to section 29-5-313 of the Tennessee Code.[1] Although the court failed to find that the arbitrator acted corruptly, fraudulently, or improperly, the court nevertheless granted the motion. The court's decision was based on an appearance of impropriety resulting from relationships between the arbitrator and other parties to the suit.

Pursuant to the court's order, the matter was resubmitted to arbitration. This time, the arbitrator awarded the Broughs $245,000.00: $235,000.00 to Mrs. Brough for her injuries and $10,000.00 to Mr. Brough for loss of consortium. The court entered an order of judgment on December 1, 2000 confirming the arbitration award.

The Broughs filed a motion with the court seeking prejudgment interest on the awards. On March 13, 2001, an order was entered awarding $71,042.72 of prejudgment interest to the Broughs. The interest award consisted of two parts. First, the court awarded interest on the $140,000.00 from

---

[1] Section 29-5-313 of the Tennessee Code states in pertinent part:

(a) Upon application of a party, the court shall vacate an award where:
(1) The award was procured by corruption, fraud or other undue means;
(2) There was evident partiality by an arbitrator appointed as a neutral or corruption in any of the arbitrators or misconduct prejudicing the rights of any party;
. . . .

-2-

the initial arbitration calculated at ten percent annum beginning at the date of injury and extending until December 16, 1998, the date the $140,000.00 was paid to the Broughs. Second, the court awarded interest on the additional $105,000.00 from the second arbitration calculated at ten percent annum beginning December 16, 1998 and extending until entry of the judgment. State Farm now appeals the circuit court's decision to award prejudgment interest and disputes the court's method of calculation. The Broughs also contend that the trial court erred in calculating the prejudgment interest.

## Issues

There are two issues, as we perceive them, presented for our review:

I.      Whether the lower court abused its discretion in awarding the Broughs prejudgment interest; and

II.     If the Broughs were entitled to prejudgment interest, whether the lower court erred in its calculations of the award.

## Standard of Review

Section 47-14-123 of the Tennessee Code vests trial courts with the authority to grant awards of prejudgment interest as equity requires. Such awards are granted in the court's sound discretion and will not be disturbed on appeal "unless the record reveals a manifest and palpable abuse of discretion." Spencer v. A-1 Crane Serv., Inc., 880 S.W.2d 938, 944 (Tenn. 1994). As stated by our supreme court:

> This standard of review clearly vests the trial court with considerable deference in the prejudgment interest decision. Generally stated, the abuse of discretion standard does not authorize an appellate court to merely substitute its judgment for that of the trial court. Thus, in cases where the evidence supports the trial court's decision, no abuse of discretion is found.

Myint v. Allstate Ins. Co., 970 S.W.2d 920, 927 (Tenn. 1998).

The deference given to trial courts with regard to prejudgment interest, however, should not be considered "synonymous with rubber stamping a trial court's decision." Scholz v. S.B. Int'l, Inc., 40 S.W.3d 78, 82 (Tenn. Ct. App. 2000). Instead, "an abuse of discretion exists when the reviewing court is firmly convinced that the lower court has made a mistake in that it affirmatively appears that the lower court's decision has no basis in law or in fact and is therefore arbitrary, illogical, or unconscionable." State v. Brown & Williamson Tobacco Corp., 18 S.W.3d 186, 191 (Tenn. 2000).

## Law and Analysis

With regard to the first issue, several factors guide courts in determining whether to award prejudgment interest. First and foremost, equity should serve as the guiding principle. TENN. CODE ANN. § 47-14-123 (2000); Myint, 970 S.W.2d at 927. Accordingly, courts must look to the facts of each case and determine whether awarding prejudgment interest would be fair under the circumstances. Myint, 970 S.W.2d at 927.

When considering fairness, certainty concerning either the existence or amount of an obligation bolsters a litigant's claim that prejudgment interest would be proper. Id. As noted by our supreme court, however, the converse is not necessarily true. Id. Instead, when the existence or amount of a claim is uncertain, general notions of equity can still support an award for prejudgment interest. Uncertainty of a claim or its amount will never mandate the rejection of a litigant's claim for prejudgment interest. Id.

When reviewing the issues, this Court must also remember the purpose of awarding prejudgment interest. Prejudgment interest is not awarded to punish a wrongdoer. Instead, its purpose is to ensure that plaintiffs receive full and adequate compensation for their injuries. Id. Plaintiffs, in effect, often receive two injuries because of a tort: actual damages from the tort itself as well as lost use of funds over time resulting from the tort. Scholz, 40 S.W.3d at 82. By awarding prejudgment interest, a court compensates the plaintiff for lost use of funds.

In the case *sub judice*, we find sufficient evidence supporting the lower court's decision to award prejudgment interest and hold that the lower court did not abuse its discretion in that respect. Several facts support our conclusion. We first note that State Farm has never disputed the existence of the Brough's claim against it. Instead, State Farm argues that the damages under the Brough's claim were not ascertainable by computation or any recognized standard of valuation and, thus, were uncertain. State Farm further argues that because the damages were uncertain, the lower court abused its discretion in awarding prejudgment interest.

We find State Farm's argument to be unpersuasive. Certainty of *either* the existence of a claim *or* the proper amount of damages helps support awards of prejudgment interest. Id. State Farm's arguments concern only the latter. Our focus, however, must also look to whether there was certainty of the claim itself. Our review of the record reveals that there was certainty as to the claim held by the Broughs. Accordingly, this certainty helps support the trial court's decision to award prejudgment interest.

In addition, our supreme court has stated that the criteria used to determine the propriety of prejudgment interest awards, "if strictly construed, could prohibit the recovery of prejudgment interest in the vast majority of cases." Myint, 970 S.W.2d at 927. Accordingly, even if uncertainty of a claim or damages associated with that claim exists, such uncertainty should never mandate the denial of prejudgment interest. Instead, as stated above, equity should always remain the polestar in determining whether to award prejudgment interest.

Here, the trial court found that an appearance of impropriety existed in the initial arbitration proceedings. Further, because of the appearance of impropriety, a second arbitration was conducted, wherein the Broughs received a considerably larger award. These circumstances clearly place equity on the Brough's side and support their claim for prejudgment interest. Accordingly, finding no abuse of discretion, we affirm the trial court's decision and hold that the Broughs were entitled to an award of prejudgment interest.

Having determined that an award for prejudgment interest would be proper in this case, we must now turn to the second issue raised for our review: whether the trial court erred in calculating the prejudgment interest award. Both parties to this appeal allege that the trial court erred in calculating the award. State Farm alleges in part that the award should not have included interest on the initial award of $140,000.00 because the Broughs agreed to accept that amount as full compensation for their damages. The Broughs argue that they deserve interest on the entire award of $245,000.00 from the second arbitration.

As stated above, prejudgment interest serves to compensate plaintiffs for the lost use of their funds. This goal fails to be served by the trial court's method of calculation. Although an award of $140,000.00 was initially entered in favor of the Broughs, the award was vacated due to an appearance of impropriety and replaced with an award of $245,000.00 upon further arbitration. The second award, being the only valid remaining award, represents the damages actually suffered by the Broughs. Accordingly, we hold that the Broughs are entitled to receive prejudgment interest on that amount.

State Farm argues that because the Broughs agreed to accept $140,000.00 as full compensation for their damages in the first arbitration, equity requires a denial of prejudgment interest on that amount. With the peculiar circumstances of this case, however, we disagree and find that equity supports a greater award. When the Broughs agreed to accept the initial $140,000.00, they were unaware of the facts which led to the necessity of the second arbitration. Specifically, the Broughs were unaware of the potential impropriety resulting from a relationship between State Farm and the arbitrator. Upon discovering this fact, however, a motion to vacate the arbitration award was requested by the Broughs and granted. Simply put, the Broughs should not be bound by their decision to accept the $140,000.00 under these circumstances.

A proper award of prejudgment interest in this case must reflect the final valid arbitration award of $245,000.00. Accordingly, we vacate the court's order awarding the Broughs $71,042.72 of prejudgment interest and remand this case to the trial court for a proper calculation of interest. Upon remand, prejudgment interest should be awarded on the second award of $245,000.00 calculated at ten percent annum beginning the date of injury and extending until December 16, 1998 when the $140,000.00 payment was made to the Broughs. The award should also contain interest on the remaining $105,000.00 calculated at ten percent annum beginning on December 16, 1998 and extending until entry of the final judgment.

**Conclusion**

For the foregoing reasons, the decision of the chancery court is affirmed in part, vacated in part, and remanded for further proceedings consistent with this opinion. Costs of this appeal are taxed against the Appellant, State Farm Mutual Automobile Insurance Company, and its surety, for which execution may issue if necessary.

_____
ALAN E. HIGHERS, JUDGE